NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Crim. No. 02-684-1 (RBK) |
| v. | **OPINION** |
| ENRIQUE PEREZ, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Enrique Perez's Letter Motion for Reduction of Sentence Under First Step Act and Letter Motion to Appoint Counsel ("Motion") (ECF No. 591). Although he does not mention any statute by name, Perez's Motion requests counsel to file a motion for "Compassionate Release" and a "Reduction of Sentence motion." (Motion at 1). As such, the Court construes Perez's Motion as a motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A). For the reasons below, the Court **DENIES** Perez's Motion.

**I.    BACKGROUND**

Perez is an inmate in federal custody at Federal Correctional Institute Fairton ("FCI Fairton"). (Motion at 1); (ECF No. 594, "Gov't Opp'n" at 1). On January 9, 2004, Perez pleaded guilty to participating in a conspiracy to distribute and possess controlled substances, violating 21 U.S.C. § 846, and possession of a firearm by a convicted felon, violating 18 U.S.C. §§ 922(g)(1) and (2). (ECF No. 77); (ECF No. 79). The Court sentenced Perez to concurrent

1

terms of 300 months and 120 months imprisonment on June 2, 2006. (ECF No. 359); (ECF No. 360).

On February 15, 2022, Perez filed this Motion. (ECF No. 591, Motion). The Government opposed the Motion on July 15, 2022. (ECF No. 594, Gov't Opp'n). Perez did not file a reply.

## II. LEGAL STANDARD

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The changes implemented by the First Step Act's amendment allow prisoners to directly petition the court, as opposed to the Bureau of Prisons ("BOP"), for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i) provided, however, they satisfy the exhaustion requirements first. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020).

As such, the first step for a defendant in a motion for a sentence reduction under § 3582(c)(1)(A) is to exhaust any available administrative remedies. Before bringing a motion for reduced sentence on their own behalf, a defendant "must ask the Bureau of Prisons ("BOP") to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020). Thirty days after

submitting the request or after receipt of an adverse decision, whichever is earlier, the defendant may move for compassionate release in the district court. *Id.* At the second step, a defendant must show that "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Rivera*, Crim. No. 06-849, 2022 WL 1284717, at *1 (D.N.J. Apr. 29, 2022) (*quoting United States v. Pabon*, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020)).

"Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission provided such a definition in U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). There, the Commission explained that extraordinary and compelling reasons exist where there is:

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In subsection (D) of the Application Note to U.S.S.G. § 1B1.13, there is a catchall provision that gives the BOP Director the authority to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the other three categories. The definition of "extraordinary and compelling reasons" has not been updated since the First Step Act's enactment.

The Third Circuit recently held that courts are not bound by Section 1B1.13's definition of "extraordinary and compelling reasons" when considering prisoner-initiated motions. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022). Nonetheless, Section 1B1.13 "still sheds light on the meaning of extraordinary and compelling reasons" and can provide a useful guide for courts considering compassionate release motions. *Id.* at 260 ("[T]he District Court did not err when it consulted the text, dictionary definitions, and the policy statement to form a working definition of 'extraordinary and compelling reasons.'").

### III. DISCUSSION

Perez does not mention in his Motion whether he has previously petitioned the warden at FCI Fairton, or BOP generally, for compassionate release as § 3582(c)(1)(A) requires, nor did he attach any proof that he exhausted his administrative remedies. *See generally* (Motion). Although this alone precludes relief, because the Court denies the Motion for other reasons, for purposes of this Motion we will assume without deciding that Perez exhausted his administrative remedies.

Thus, the Court moves to the second step of the analysis. We find that Perez has not shown that extraordinary and compelling reasons warrant a reduction in his sentence.

#### A. Extraordinary and Compelling Reasons

The Court assumes that Perez argues that the COVID-19 pandemic constitutes an extraordinary and compelling reason warranting compassionate release. The Court is not aware of any underlying condition from which Perez suffers that puts him at greater risk of COVID-19 infection or suffering more severe symptoms if he were infected. *See generally* (Motion); (Gov't Opp'n). Further, Perez is fully vaccinated against COVID-19 and has received a booster shot. (Gov't Opp'n at 13, Exhibit 1).

The mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020). Most defendants who successfully move for compassionate release related to COVID-19 through § 3582(c)(1)(A) demonstrate that: (1) they are particularly vulnerable to developing severe illness from COVID-19 due to age or a medical condition(s); and (2) there is "an actual, non-speculative risk of exposure to COVID-19 in the facility where [they are] held." *United States v. Somerville*, 463 F. Supp. 3d 585, 597–98 (W.D. Pa. 2020).

Perez has failed to show that he faces an actual, non-speculative risk of exposure to COVID-19 at FCI Fairton. There is currently only one active case among inmates at FCI Fairton and seven cases among staff members. *Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Nov. 17, 2022). Since the vaccine became available, FCI Fairton has fully vaccinated 920 inmates. *Id.* Additionally, FCI Fairton has fully vaccinated 169 staff members, and that number does not include any staff who may have received their vaccine in the community, rather than a BOP facility. *Id.*

The vaccination of inmates and staff greatly reduces the risk of COVID-19 exposure and infection within the facility. *See United States v. Martinez*, No. CR 16-503 (KM), 2022 WL 1320618, at *4 (D.N.J. May 2, 2022) ("The likelihood of a COVID-19 infection has also been greatly reduced by vaccination of [the defendant] and others at the prison."). There has been one COVID-related inmate death and zero staff deaths at FCI Fairton since the beginning of the pandemic. *Coronavirus*, https://www.bop.gov/coronavirus. Perez himself is fully vaccinated against COVID-19 and has received a booster shot. (Gov't Opp'n at 13, Exhibit 1). Although an underlying condition might warrant an extraordinary and compelling reason for compassionate

release during the COVID-19 pandemic, *see, e.g., United States v. Stiver*, No. 17-64, 2021 U.S. Dist. LEXIS 54280 (W.D. Pa. Mar. 23, 2021), Perez does not argue that he has any condition.

Given that Perez is fully vaccinated against COVID-19, he is substantially protected from COVID-19 infection and, in the case of breakthrough illness, from severe symptoms. *See United States v. Williams*, No. CR 11-00421-SDW-1, 2022 WL 950994, at *2 (D.N.J. Mar. 29, 2022) ("If a defendant is vaccinated, many courts have found that there is an insignificant likelihood that the defendant 'will contract COVID-19 and become seriously ill.'") (collecting cases); *United States v. Ackerman*, Crim. No. 11-740-KSM-1, 2022 WL 1214172, at *4 (E.D. Pa. Apr. 25, 2022) (collecting cases).

Perez has not shown that his circumstances warrant release or a reduced sentence. He has failed to show that he is at a uniquely high risk for grave illness from COVID-19 given his vaccination status and lack of any known underlying condition. What's more, he has not proven that there currently exists an actual, non-speculative risk of exposure at FCI Fairton given its high vaccination rate and relatively low incidence rate of COVID-19 within the facility. Thus, the Court finds there are not extraordinary and compelling reasons to justify reducing Perez's sentence or granting early release.

**B.     Section 3553(a) Factors**

An analysis of the § 3553(a) factors further supports denying Perez's motion. In considering whether to reduce a defendant's sentence, a court must look to the factors contained in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;

>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

Perez makes no argument about the § 3553(a) factors, though he argues that he has changed his life while incarcerated. (Motion at 2). The Government, on the other hand, argues that the § 3553(a) factors weigh against release because Perez remains a significant danger to the community and because of the monstrous nature of his crimes—Perez "led and managed an extensive drug trafficking conspiracy, which included . . . committing, and causing to be committed, murders to protect" his drug business. (Gov't Opp'n at 19).

Although the Court commends Perez for working to rehabilitate himself and change his life while in prison, we agree with the Government that the § 3553(a) factors weigh against release. The nature and circumstances of Perez's crimes are horrific. The Court is also mindful of the need for the sentence imposed to protect the public from future violence and to afford adequate general deterrence. Moreover, the Court believes that the present sentence is necessary to provide Perez with just punishment and specific deterrence. Accordingly, the Court finds that the § 3553(a) factors weigh against Perez's release.

## IV.   CONCLUSION

For the reasons expressed above, the Court **DENIES** Perez's Motion (ECF No. 591). The Court **DENIES** Perez's request for counsel **as moot**. An appropriate order follows.

Dated: November 21, 2022

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge